IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS DEORIO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 08-5762 |
| | : | |
| DELAWARE COUNTY et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                               **July 27, 2009**

      Delaware County and the Delaware County Sheriff's Department ask this Court for summary judgment on Thomas DeOrio's claim his rights were violated when he was required to petition the court for the return of weapons taken during enforcement of a Protection From Abuse petition. DeOrio suffered no cognizable harm. I will enter judgment for the Delaware County Sheriff's Office and Delaware County.

**FACTS**

      The facts in this case are few and undisputed. DeOrio's guns were confiscated on October 6, 2008, when a Protection From Abuse Order was entered against him. On October 9, 2008, the Protection From Abuse Order was dismissed. On October 14, 2008, the police department sent the confiscated weapons to the Delaware County Sheriff. On December 12, 2008, DeOrio filed this action alleging civil rights violations. DeOrio petitioned Delaware County Court of Common Pleas for the return of his guns and received his guns back the same day the hearing was held, April 2, 2009.

      DeOrio's weapons were taken under the Protection From Abuse statute, which commands the sheriff to secure the weapons belonging to a defendant in a Protection From Abuse action "for

the duration of the order or until otherwise directed by court order." 23 Pa. C.S. § 6108(7)(i)(c)(2).[1]

The court's order confiscating the weapons must also "provide for the return of the relinquished firearms . . . to the defendant upon expiration of the order or dismissal of a petition for a protection from abuse order." 23 Pa. C.S. § 6108.1(a). Section 6108.1 also allows a defendant to "petition the court to allow for the return of firearms . . . ." 23 Pa. C.S. § 6108.1(b)(1).

DeOrio alleges the retention of his weapons violated his rights to due process and equal protection under the Fourteenth Amendment, his rights to gun ownership under the Second Amendment, and the Pennsylvania statute at 23 Pa. C.S. §6108.1, which requires an order confiscating guns to contain a description of the procedures to reclaim them.

**DISCUSSION**

A motion for summary judgment will only be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When the facts are undisputed, this Court decides the Motion as a matter of law. *See Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1533 (3d Cir. 1997). The court must review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The right to own guns, secured by the Second Amendment, is not unlimited. *District of Columbia v. Heller*, 128 S. Ct. 2783, 2816 (2008). Municipalities may lawfully regulate weapons.

---

[1]The statute provides:
> [t]he sheriff shall secure custody of the defendant's firearms, other weapons or ammunition and any firearm license listed in the court's order for the duration of the order or until otherwise directed by court order.

Pa. C.S. § 6108(7)(i)(c)(2).

*Id.* at 2817. DeOrio argues Delaware County's policy impinges on his rights to equal protection and due process of law. To prevail on an equal protection claim, DeOrio must show the requirement of a court order is not "rationally related to legitimate governmental objectives." *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981). Rational basis is the least critical of the three standards of review and will be met so long as "any state of facts reasonably may be conceived to justify it." *Santa Fe Natural Tobacco Co., Inc. v. Judge*, 963 F. Supp. 437, 441 (M.D. Pa. 1997) (citing *Bowen v. Gilliard*, 483 U.S. 587, 601 (1987)). The rational basis for removing weapons from the hands of alleged abusers is apparent and needs no further discussion.

Only if there were no post-deprivation remedy could DeOrio prevail on a procedural due process claim. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). If a predeprivation hearing is unduly burdensome, postdeprivation remedies satisfy due process. *Zinermon v. Burch,* 494 U.S. 113, 132 (1990). The requirement for a court order and the concomitant judicial review avoids the risk an official would exercise unfettered discretion. *See Welsch v. Township Of Upper Darby*, No. 07-4578, 2008 WL 3919354, 7 (E.D. Pa., Aug. 26, 2008).

To prevail on a substantive due process claim, DeOrio must be able to show the requirement to obtain a court order for return of his firearms was "arbitrary" or the "most egregious official conduct," *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003), or that the deprivation of his firearms "shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (citing *United Artists*, 316 F.3d at 400-02). Requiring individuals to obtain

a court order to retrieve firearms which were lawfully taken is not egregious nor does it shock the conscience.

Under Pennsylvania law, courts are not free to create a remedy where none was provided by statute. *Allstate Ins. Co. v. DeMichele*, 888 A.2d 834, 842 (Pa. Super. Ct. 2005). DeOrio held the keys to his own rights. The statute under which his guns were taken also provided the means by which DeOrio could and did accomplish their return – a petition. This distinguishes DeOrio's case from those in which there is no postdeprivation remedy. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) (stating "because of the importance to organized society that procedural due process be observed, we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury") (citations omitted); *Higgins v. Beyer*, 293 F.3d 683, 694 (3d Cir. 2002).

DeOrio also asks for a declaration the former[2] policy of Delaware County was unconstitutional. When asked for declaratory relief, judges, not juries, are to interpret the constitutionality of the disputed policy. 28 U.S.C. § 2201.[3] Granting unfettered discretion to city officials or police is unconstitutional because it can lead to "arbitrary deprivations of liberty

---

[2] The Delaware County Court of Common Pleas has amended its standard Protection From Abuse Order and Local Rule 208.3(c) to conform to the statute and instruct a defendant on the return of confiscated weapons.

[3] Section 2201 reads:
    (a) In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

interests" and/or create the potential to abuse power at the expense of another. *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999). The statute and the Delaware County policy did not leave the decision about returning DeOrio's weapons in the hands of the sheriff but, instead, put it before a judge, exactly the procedure which overcomes an arbitrary deprivation of a liberty interest.

DeOrio has failed to identify any genuine issues of material fact and Delaware County and the Delaware County Sheriff's Office are entitled to judgment as a matter of law. An appropriate order follows.